Argued and submitted February 27, reversed and remanded for reconsideration June 5, 2003

## SPIRES SUBARU, INC.,
dba Spires Subaru Isuzu,
*Petitioner,*

*v.*

## DRIVER AND MOTOR VEHICLE SERVICES DIVISION (DMV),
*Respondent.*

90163; A117559

71 P3d 103

Benjamin Debney argued the cause for petitioner. On the briefs were Craig A. Nichols and Nichols & Associates.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

The Driver and Motor Vehicle Services Division of the Department of Transportation (DMV) levied a civil penalty against petitioner, an automobile dealership, and suspended its dealer's license for three years. On judicial review, petitioner contends that DMV's order is unlawful because the agency did not consult with the Oregon Dealer Advisory Committee (ODAC) before imposing discipline and because DMV misinterpreted a statute so as to impose duplicative penalties. We agree that DMV imposed duplicative penalties. That conclusion, as we discuss below, obviates the need to address the issue of consultation with ODAC. We reverse and remand.

The facts found by the hearing officer and adopted by DMV are not contested. On December 5, 2000, following an investigation, DMV issued to petitioner a Notice of Imposition of Civil Penalty and a Notice of Dealer Certificate Suspension, alleging (among other violations not at issue) that in numerous sales transactions petitioner had failed to meet the title transfer obligation imposed by ORS 822.042(1). That statute provides:

"A vehicle dealer transferring any interest in a vehicle or camper shall:

"(a) Within 25 calendar days of the transfer furnish the certificate of title or other primary ownership document for the vehicle and any release thereon to the security interest holder next named, if any, otherwise to the lessor or, if none, to the purchaser;

"(b) Within 30 calendar days of the transfer submit to the Department of Transportation, in a manner that complies with any applicable statutes and rules, an application for title on behalf of the person to whom the title is to be furnished or whose name is to appear on the title record;

"(c) Comply with rules adopted by the department if title has not been or will not be issued in the form of a certificate; or

"(d) Within 25 business days of the transfer provide a notice of delay to the security interest holder next named, if any, the lessor, if any, and the purchaser."

DMV alleged that, in 20 transactions, petitioner failed to submit an application for title transfer within 30 days as required by subsection (b) and failed timely to notify the purchaser or security interest holder of that failure as required by subsection (d). DMV recommended a $20,000 civil penalty pursuant to ORS 822.009(1):

> "The Department of Transportation may levy and collect a civil penalty, in an amount not to exceed $1,000 for each violation, against any person who * * * has violated any provisions of the Oregon Vehicle Code * * * relating to the sale of vehicles, vehicle titling or vehicle registration."

Thus, DMV considered a sales transaction in which petitioner violated two subsections of the title transfer statute by neither applying for title transfer within 30 days nor notifying the buyer or security interest holder of that delay to comprise a single "violation."

Some time after issuing the original notices but before holding a hearing on them, DMV was advised by its legal counsel that each subsection of the title transfer statute imposed a separate and distinct duty on petitioner and that therefore each of the 20 sales transactions in which petitioner violated both subsections (b) and (d) could subject petitioner to a fine of $2,000. Consequently, in April 2001, DMV issued amended notices increasing petitioner's penalty for title transfer violations from $20,000 to $40,000. The three-year suspension remained unchanged. Ultimately, DMV concluded that petitioner had committed all of the alleged title transfer violations and levied a $40,000 penalty for those violations.

DMV consulted ODAC about the violations and penalties in the original notice, which proposed a "[c]ivil penalty of $20,000 * * * for twenty violations." It did not consult or notify ODAC regarding the amended notice. Thus, the consultation with ODAC covered all of the sales transactions for which DMV ultimately proposed penalties but not all of the violations or penalties.

Petitioner assigns error to DMV's conclusion that subsection (b) and subsection (d) of the title transfer statute establish separate and distinct obligations—that, in other

words, a dealer who fails to apply to DMV for a transfer of title and also fails to notify the buyer of that primary failure has committed two different violations and can be subjected to two $1,000 fines. Petitioner asserts that the two subsections "create concomitant duties" and are "inextricably intertwined." DMV replies that the two subsections differ in their objectives (one is regulatory and fiscal, the other is a consumer protection measure) and that they are separate "provisions" for purposes of ORS 822.009, which authorizes civil penalties "if it finds that the dealer has violated *any provisions* of the Oregon Vehicle Code." (Emphasis added by DMV.) We agree with petitioner. DMV's interpretation of ORS 822.042(1) cannot be reconciled with the statute's plain and unambiguous language.

The subsections of ORS 822.042(1), when read together, present a series of options as alternative obligations of the dealer. Stripped of the statutory formatting and omitting unnecessary words, the relevant part of the provision reveals itself as single long sentence:

> "A vehicle dealer transferring any interest in a vehicle shall within 30 days of the transfer submit to DMV an application for title on behalf of the person to whom the title is to be furnished, *or* within 25 days of the transfer provide a notice of delay to the security interest holder, if any, the lessor, if any, and the purchaser."

(Emphasis added.) The only plausible interpretation of that sentence is that it imposes a *single obligation* that the dealer might meet in one of two ways: *either* it must timely apply to DMV for transfer of title, *or, if it does not,* it must so inform the new title holder. The word "or" in this context could not be conjunctive because the dealer could not possibly make a timely application *and* notify a new title holder that it had not made a timely application. If the dealer timely applies for transfer of title, then it need not notify the new title holder of anything, and if it does not timely apply for transfer, that failure is not by itself a violation if the dealer so notifies the new title holder. Notifying the buyer relieves the dealer of the need to file within 30 days, although not, of course, of the need to file ultimately. When, in a given transaction, petitioner did not perform either of the alternatives, it failed to

meet that obligation, thereby committing a single violation. DMV erred in concluding otherwise.

Petitioner also contends that DMV had no authority to impose any sanctions pursuant to the amended notices because the agency did not consult with ODAC as required by ORS 802.370(2). According to petitioner, the consultation that occurred before the original notices did not discharge DMV's duty to consult because the actual sanction imposed pursuant to the amended notice differed significantly from the sanction in the original notices for which consultation did occur; DMV should therefore have consulted with ODAC a second time. DMV responds that its obligation was to consult with ODAC before imposing a sanction for any particular transaction; because the amended notices referred to the same 20 transactions included in the original notices, no further consultation was required.

We need not resolve that dispute. The amended notices are ineffective in any event, in light of our conclusion that DMV had no authority to impose the violations and penalties it added to the original notices.

Reversed and remanded for reconsideration.